## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NOTHERN DISTRICT OF MISSISSIPPI

| | |
|---|---|
| IN RE: ROY R. HOLMES | CASE NO. 13-11098 |
| DEBTOR | CHAPTER 7 |
| | |
| BANKPLUS | PLAINTIFF |
| | |
| v. | ADV. PROC. NO. 15-01076-JDW |
| | |
| ROY R. HOLMES | DEFENDANT |

### MOTION
### (1) FOR LEAVE TO FILE AMENDED COMPLAINT; AND
### (2) TO EXTEND ALL DATES AND DEADLINES

Under F.R.C.P. 15(a)(2) and (d), as made applicable to this adversary proceeding by F.R.B.P. 7015, BankPlus files this *Motion (1) for Leave to File Amended Complaint; and (2) to Extend All Dates and Deadlines* (the "Motion"), requesting that this Court enter an order granting BankPlus leave to file an amended complaint and extending all dates and deadlines set forth in the *Scheduling Order (With Pre-Trial Conference)* (Dkt. # 10), as amended by the *Agreed Order on Unopposed Motion to Extend All Dates and Deadlines* (Dkt. #16) (together, the "Scheduling Order"), as follows:

### FACTS

1.  In August of 2015, BankPlus filed its *Complaint Objecting to Discharge and to Determine Dischargeability of Debts* (the "Complaint," Dkt. #1-2).

2.  In its Complaint, BankPlus requested that this Court enter a judgment determining that the Debtor is not entitled to a discharge under 11 U.S.C. § 727 and determining that the Debtor's indebtedness to BankPlus constitutes a nondischargeable debt under § 523.

3.  To support the relief requested in the Complaint, BankPlus alleged that, among numerous other things, the Debtor failed to disclose assets of the estate in his

Schedules/Statements with intent to hinder, delay, and/or defraud creditors, the Trustee, and this Court.

    4.    After the filing of the Complaint, however, BankPlus learned of the following additional facts and grounds supporting its Complaint:

    a. In the Debtor's *Schedule A – Real Property* ("Schedule A," Dkt. # 21 filed in the Debtor's lead bankruptcy case), the Debtor disclosed his fee simple ownership interest in unencumbered real property located in Holly Springs, Mississippi and valued that real property at $25,000.00 (the "Holly Springs Property").

    b. As of at least April 25, 2015, it appears that the Debtor was indeed the sole fee simple owner of the Holly Springs Property.[1]

    c. But on or about October 19, 2016, BankPlus discovered that the Debtor had transferred the Holly Springs Property on or about February 18, 2016.[2]

    d. On information and belief, the Debtor received approximately $34,337.97 in cash for the sale of the Holly Springs Property (the "Proceeds"), which Proceeds were divided equally between the Debtor and the Debtor's siblings.[3]

    e. The Debtor failed to disclose the postpetition transfer of the Holly Springs Property, the receipt of the Proceeds, and the postpetition transfer of some of the Proceeds to his siblings (i.e., insiders) to this Court, the Debtor's

---

[1] Marshall County, Mississippi Property Records, attached as Collective Exhibit "A."
[2] HUD Settlement Statement and Warranty Deed, attached as Collective Exhibit "B."
[3] *Id.*

> Creditors, and the Chapter 7 Trustee with intent to hinder, delay, or defraud creditors or an officer of the estate charged with custody of property under this title violation of the Bankruptcy Code.

5.  The unauthorized post-petition transfer of the Holly Springs Property and certain of the Proceeds, along with the undisclosed postpetition receipt of the Proceeds themselves, constitute further grounds for this Court to determine that the Debtor is not entitled to a discharge under 11 U.S.C. § 727. Specifically, the Debtor's actions regarding the Holly Springs Property and the Proceeds constitute sufficient grounds to deny the Debtor a discharge under:

   a. § 727(a)(2)(B), which provides that "[t]he court shall grant the debtor a discharge, unless . . . the debtor, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed . . . property of the estate, after the date of the filing of the petition;"

   b. § 727(a)(5), which provides that "[t]he court shall grant the debtor a discharge, unless . . . the debtor has failed to explain satisfactorily, before determination of denial of discharge under this paragraph, any loss of assets or deficiency of assets to meet the debtor's liabilities;" and

   c. § 727(a)(7), which provides that "[t]he court shall grant the debtor a discharge, unless . . . the debtor has committed any act specified in paragraph (2), (3), (4), (5), or (6) of this subsection, on or within one year

3

before the date of the filing of the petition, or during the case, in connection with another case, under this title or under the Bankruptcy Act, concerning an insider."

**ARGUMENT**

6. Under F.R.C.P. 15(a)(2), made applicable to this proceeding under F.R.B.P. 7015, "a party may amend its pleading only with . . . the court's leave [and] the court should freely give leave when justice so requires." And, under F.R.C.P. 15(d), "the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented."

7. As noted by the Fifth Circuit and the Supreme Court of the United States, Rule 15 "expresses a strong presumption in favor of liberal pleading."[4] Indeed, as the Fifth Circuit noted in *Lowrey v. Texas A & M Univ. Sys.*, citing the Supreme Court,

> Rule 15(a) declares that leave to amend "shall be freely given when justice so requires"; this mandate is to be heeded. If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be "freely given."[5]

8. Here, BankPlus is not seeking leave to amend its Complaint for delay, in bad faith, with a dilatory motive, or to cure any deficiency by an amendment previously allowed. Moreover, the amendment sought by BankPlus will not cause the Debtor any undue prejudice. Instead,

---

[4] *Lowrey v. Texas A & M Univ. Sys.*, 117 F.3d 242, 245 (5th Cir. 1997) (citing *Foman v. Davis*, 371 U.S. 178, 182, 9 L. Ed. 2d 222, 83 S. Ct. 227 (1962)).
[5] *Lowrey*, 117 F.3d at 245 (citing *Foman*, 371 U.S. at 182).

4

BankPlus seeks to amend its complaint based on the Debtor's unauthorized and undisclosed transfers of property of the estate (i.e., the Holly Springs Property and some of the Proceeds), as well as the undisclosed receipt of property of the estate (i.e., some of the Proceeds), which actions took place after BankPlus filed its original Complaint, and which actions were not discovered until approximately one month ago. Thus, justice requires that leave be given to allow BankPlus to amend its Complaint to include these additional facts, grounds, and counts.

9. Given the Debtor's unauthorized and undisclosed actions regarding the Holly Springs Property and the Proceeds, and given that these actions were only recently discovered approximately one month ago, BankPlus further requests that this Court enter an order extending the dates and deadlines set forth in the Scheduling Order by 60 days.

**WHEREFORE**, BankPlus requests that this Court enter an order granting this motion and (1) granting BankPlus leave to file an amended Complaint under F.R.C.P. 15(a)(2) and (d), as made applicable to this proceeding by F.R.B.P. 7015; and (2) extending the dates and deadlines in the Scheduling Order by 60 days from the date of any order granting this Motion. BankPlus further requests general relief.

**THIS** the 26th day of August, 2016.

                              Respectfully submitted,

                              **BANKPLUS**

                              By: /s/ William H. Leech
                                  William H. Leech, MSB No. 1175
                                  Sarah Beth Wilson, MSB No. 103650
                                  Christopher H. Meredith, MSB No. 103656
                                  Timothy J. Anzenberger, MSB No. 103854
                                  *Its Attorneys*

OF COUNSEL:
Copeland, Cook, Taylor & Bush, P.A.
600 Concourse, Suite 100
1076 Highland Colony Parkway (Zip—39157)
P.O. Box 6020
Ridgeland, MS 39158
Telephone: (601) 856-7200
Facsimile:   (601) 856-7626
bleech@cctb.com
sbwilson@cctb.com
cmeredith@cctb.com
tanzenberger@cctb.com

## CERTIFICATE OF SERVICE

Service provided via Notice of Electronic Filing (NEF) though ECF system:

*James W. Amos;*
*Alex B. Gates; and*
*Office of the US Trustee.*

**THIS** the 26th day of August, 2016.

              /s/ William H. Leech
              *Of Counsel*